# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA P.,[1]<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security,[2]<br><br>　　　　　　　　　Defendant. | Case No.: 24-cv-0100-AJB-DDL<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**(Doc. No. 18)** |

Before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. No. 18.) On June 10, 2025, the Commissioner of Social Security ("the Commissioner") filed a response to Plaintiff's Motion stating that after "substantive consideration to the merits of Plaintiff's request," the Commissioner "found no basis to object." (Doc. No. 20.) Therefore, the Commissioner "has no objection to [Plaintiff's] request." (*Id.*) Upon consideration of Plaintiff's Motion, and the Commissioner's response thereto, the Court **GRANTS** Plaintiff attorney fees in the

---

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Frank Bisignano may be substituted as the defendant in this action pursuant to 42 U.S.C. § 405(g).

amount of $5,793.55 as authorized by 28 U.S.C. § 2412, and $405.00 in costs under 28 U.S.C. § 1920.

## I.  BACKGROUND

On January 16, 2024, Plaintiff Theres P. ("Plaintiff") filed a complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's denial of her application for Social Security Disability Insurance benefits. (Doc. No. 1.) The Commissioner filed the administrative record on March 18, 2024. (Doc. No. 7.) On June 7, 2024, Plaintiff filed her merits brief. (Doc. No. 10.) The Commissioner filed an opposition on July 29, 2024 (Doc. No. 14), and Plaintiff replied on August 12, 2024. (Doc. No. 15). On January 29, 2025, Magistrate Judge David D. Leshner issued a Report and Recommendation ("R&R"). (Doc. No. 16.) The R&R recommended granting Plaintiff's merits brief and remanding the matter back to the Commissioner for further administrative proceedings. (*Id.*) The parties were instructed to file any written objections to the R&R no later than February 13, 2025, and replies no later than February 20, 2025. (*Id.*) No objections were filed. On February 24, 2025, the Court adopted the R&R and remanded the case back to the Commissioner for further review pursuant to 42 U.S.C. § 405(g). (Doc. No. 17.)

On May 23, 2025, Plaintiff filed the instant motion requesting the Court award Plaintiff's counsel $5,793.55 in attorney fees and $405.00 in costs. (Doc. No. 18.) On May 27, 2025, the Court set a briefing schedule as to Plaintiff's Motion, requiring responses to be filed by June 10, 2025, and replies by June 17, 2025. (Doc. No. 19.) On June 10, 2025, the Commissioner filed a response in support of Plaintiff's Motion stating that "the Commissioner has no objection to [Plaintiff's] request." (Doc. No. 20.)

## II.  THRESHOLD ISSUE OF TIMELINESS

The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d

852, 854 (9th Cir. 2002) (citing *Shalala v. Schaefer,* 509 U.S. 292, 296 (1993). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an official capacity. Therefore, a motion for attorney's fees filed after a sentence four remand is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired. *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007); *see also Auke Bay Concerned Citizen's Advisory Council v. Marsh*, 779 F.2d 1391, 1393 (9th Cir. 1986) (holding that an application for attorney fees under the EAJA filed before a judgment is final is timely nonetheless so long as the applicant can show "is a prevailing party and is eligible to receive an award under this subsection").

Here, the instant Motion was filed before the judgment became final. However, the Court's order entering judgment in favor of Plaintiff "substantially grant[ed] the applicant's remedy before final judgment is entered" by reversing the decision of the Commissioner and remanding the case for further proceedings. (*See* Doc. Nos. 22; 23.) *See Auke Bay*, 779 F.2d at 1393. Accordingly, the Court finds Plaintiff's Motion timely. *See, e.g., Dora R.S. v. O'Malley*, No. 23-CV-00636-AJB-SBC, 2024 WL 4439260 (S.D. Cal. Oct. 7, 2024) (holding the joint motion for the plaintiff's EAJA fee was timely where motion was filed before the 60-day appeal period had run); *Sergio C. v. Kijakazi*, No. 20-CV-02270-AHG, 2022 WL 1122847, at *2 (S.D. Cal. Apr. 14, 2022) (applying *Auke Bay* to conclude a plaintiff's EAJA fee application in a Social Security case was not premature where the court had remanded for payment of benefits, despite the application being filed before the sixty-day appeal period had run).

## III.   DISCUSSION

"Under EAJA, a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); *see also* 28 U.S.C. § 2412(d)(1). The Court will address these elements in turn.

### A.     Prevailing Party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)). Here, Plaintiff is the prevailing party because the Court granted her merits brief, reversed the decision of the Commissioner, and remanded the matter for further administrative proceedings. (*See* Doc. Nos. 16; 17.)

### B.     Substantial Justification

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). Here, the Commissioner makes no argument that his position was substantially justified. Rather, the Commissioner filed a brief in support of Plaintiff's Motion, stating that he had no objection to Plaintiff's request. (*See* Doc. No. 20.) Accordingly, the Commissioner has not met his burden of showing his position was substantially justified or that special circumstances make an award unjust.

### C.     Reasonableness of Hours

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Accordingly, the Court finds that 20.8 hours in attorney time, and 4.5 hours in paralegal time, is reasonable in light of Plaintiff's results in the case. *See Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at *2 (S.D. Cal. June 21, 2018) (finding that 21.7 hours billed by plaintiff's counsel and 3.5

hours billed by a paralegal a reasonable number of hours); *Darren Jeffrey C. v. Kijakazi*, No. 3:21-cv-01012-AHG, 2022 WL 17826795, at *2 (S.D. Cal. Dec. 20, 2022) (finding 51.5 total hours requested reasonable where the court granted the plaintiff's merits brief, reversed the decisions of the Commissioner, and remanded the matter for further proceedings).

### D. Reasonableness of Hourly Rate

The EAJA provides that the court may award reasonable attorney fees "based upon prevailing market rates for the kind and quality of the services furnished," but that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In this Circuit, factoring in increases in the cost of living, the statutory maximum EAJA rate for work performed in 2023 is $244.62 and 2024 is $251.84. *See* UNITED STATES COURTS FOR THE NINTH CIRCUIT, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 20, 2025).

Here, Counsel's hourly rates are in line with the Ninth Circuit's EAJA hourly rate. (*See* Doc. Nos. 20, 23.) Plaintiff seeks $244.62 for 1 hour of work performed in 2023 and $4,986.43 for 19.8 hours of work performed in 2024 (i.e. $251.84 per hour), for a total of $5,231.05. (Doc. No. 18-2 ¶ 5.) The Court finds that the hourly rate billed is reasonable. *See Roland S. v. Saul,* No. 3:20-cv-01068-AHG, 2021 WL 4081567, at *3 (S.D. Cal. Sept. 7, 2021) (finding hourly rates consistent with the Ninth Circuit's EAJA rates to be reasonable).

Plaintiff also seeks $125.00 per hour for 4.5 hours of paralegal time, equaling $562.50. (*Id.* at ¶ 6.) *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008) ("[A] prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates.") Courts in this District have routinely approved hourly paralegal rates greater than Plaintiff's requested amount. *Rosemary G. V.*

*v. Saul*, No. 3:19-CV-00715-RBM, 2020 WL 6703123, at *5 (S.D. Cal. Nov. 12, 2020) ("[C]ourts within this District have approved the $130 hourly paralegal rate."); *see, e.g., Toni Lynn B. v. Saul*, No. 19-cv-925-AHG, 2020 WL 4001981, at *3 (S.D. Cal. Jul. 15, 2020) (approving paralegal's hourly rate of $130 for EAJA award, for work performed in 2019 and 2020); *Black v. Berryhill*, 18-cv-1673-JM-LL, 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) (approving paralegal's hourly rate of $130 for EAJA award); *Smith v. Berryhill*, 17-cv-2108-CAB-RNB, 2019 WL 2234068, at *2 (S.D. Cal. Mar. 14, 2019) (approving paralegal's hourly rate of $130 for EAJA award). In light of the foregoing, the Court finds the $125 hourly rate billed by the paralegals is reasonable.

### E. Costs

Filing fees are recoverable costs under the EAJA. 28 U.S.C. §§ 1920, 2412(d); *see Darren Jeffrey C. v. Kijakazi*, No.: 3:21-cv-01012-AHG, 2022 WL 17826795, at *4 (S.D. Cal. Dec. 20, 2022) (awarding $402 in filing costs after the Court remanded in the plaintiff's favor). Here, Plaintiff seeks reimbursement of the $405.00 filing fee expended to initiate this action. Although Plaintiff does not attach any receipt in support of the costs requested, the Court takes judicial notice that the docket in this action reflects the payment of the filing fee. (Doc. No. 1 ("Filing fee $405 receipt number ACASDC-18501510.").) Accordingly, the Court grants the reimbursement of costs in the amount of $405.00. *See Erica S. v. O'Malley*, No. 24-CV-00698-AJB-MSB, 2024 WL 4896612, at *3 (S.D. Cal. Nov. 26, 2024) (granting reimbursement of $405.00 filing fee); *Lisha F. v. O'Malley*, No. 23-CV-02316-AJB-VET, 2024 WL 3571731, at *3 (S.D. Cal. July 29, 2024) (same).

### F. Assignment of Rights to Counsel

Plaintiff requests that "if Plaintiff owes a debt that qualifies under the Treasury Offset Program (31 U.S.C. § 3716), any payment shall be made payable to the Plaintiff and delivered to the Plaintiff's attorney," but "[i]f the United States Department of Treasury determines that Plaintiff owes no debt subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney." (Doc. No. 18-2 at 3.) "[A] § 2412(d) fees award is payable to the litigant and is therefore

subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, this "does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the government." *Ulugalu v. Berryhill*, No. 3:17-cv-01087-GPC-JLB, 2018 WL 2012330, at *4 (S.D. Cal. Apr. 30, 2018). Here, Plaintiff assigned her EAJA fees to her attorney, Olinsky Law Group. (Doc. No. 18-7 at 2, Ex. E.) Therefore, if Plaintiff has no federal debt that is subject to offset, the award of fees may be paid directly to the Olinsky Law Group pursuant to the assignment agreement.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion and **AWARDS** Plaintiff $5,793.55 in attorney's fees under the EAJA, 28 U.S.C. § 2412(d), and $405.00 in costs under 28 U.S.C. § 1920. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 588–89 (2010), any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government shall accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel. *See, e.g.*, *Mendoza v. Saul*, No. 18cv925-SKO, 2020 WL 406773, at *5 (E.D. Cal. Jan 24, 2020).

**IT IS SO ORDERED**.

Dated: August 20, 2025

Hon. Anthony J. Battaglia
United States District Judge